```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT


HALL CONTRACTING SERVICES, LLC,   :
        Plaintiff                 :
                                  :
        v.                        :
                                  :
TIMES-ARGUS ASSOCIATION, INC.,    :
d/b/a/ THE TIMES ARGUS,           :
        Defendant                 :
                                  :
                                  :   CIVIL NO. 1:07CV37
TIMES ARGUS ASSOCIATION, INC.     :
d/b/a THE TIMES ARGUS,            :
        Counter Claimant          :
                                  :
        v.                        :
                                  :
HALL CONTRACTING SERVICES, LLC,   :
and GRAHAM HALL,                  :
        Counter Defendant         :
_____   :
```

<u>RULING ON MOTION FOR SANCTIONS,</u>
<u>MOTION TO REMAND AND FOR ATTORNEY'S FEES</u>
(Papers 46 and 62)

In September 2005, this case was commenced in the Superior Court of Vermont for Washington County, when Hall Contracting Services, LLC (hereinafter "Hall Contracting") filed its "Plaintiff's Complaint" (Paper 6) alleging defendant Times-Argus Association, Inc. (hereinafter "Times-Argus") failed to pay for work Hall Contracting performed at its newspaper publishing business.

By a pleading dated December 4, 2006, Times-Argus filed its "Amended Answer, Affirmative Defenses, Amended Counterclaim, and Jury Demand" in which it set forth a new counterclaim against

1

Graham Hall, an owner of Hall Contracting.  See Paper 1-2 at para. 4.  The counterclaim appears to arise from the same facts underlying the "Plaintiff's Complaint" filed in Washington Superior Court.

On or about February 21, 2007, Graham Hall filed a Notice of Removal to this Court under 28 U.S.C. §§ 1332, 1441(a) and 1446.  See Paper 1-1.  Pending is Times-Argus' Motion to Remand this action to Washington Superior Court.

The defendant essentially argues the plain language of the removal statute prohibits Graham Hall from removing this action.  In relevant part, 28 U.S.C. § 1441(a) provides certain civil actions are removable "by the defendant or the defendants."  In response to the pending remand motion, the parties argue whether Mr. Hall is a "defendant" within the meaning of this statute.

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."  Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994).  Accordingly, while the Second Circuit apparently has not ruled on the issue, other courts in this Circuit have construed a "defendant's" right to remove as not including third-party or counterclaim defendants.  See generally F.D.I.C. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 372-378

2

(S.D.N.Y. 2006); G.M.A.C. v. Maier-Schule GMC, Inc., 1991 WL 37817 (W.D.N.Y. 1991); accord Ketec, Inc. V. Sentech Corp., 995 F. Supp. 485, 488 (D.N.J. 1998) (finding removal based on the defendant's amended counterclaim and the assertion of a third-party complaint "insufficient").

    The Court therefore finds Graham Hill is not entitled to removal and this action must be remanded.  This result is appropriate here, where the party attempting removal is allegedly associated with the original plaintiff and presumably could have chosen to file this action in this Court in the first instance. Cf. Alling v. C.D. Cairns Irrevocable Trusts Partnership, 889 F. Supp. 768, 770 (D. Vt. 1995) ("It is a well-established principle of law that diversity among litigants is not to be determined merely by the form of the pleadings, but rather must be established according to the actual legal interests of the parties."); New Venture Gear, Inc. v. Fonehouse, 982 F. Supp. 892, 893 (N.D.N.Y. 1997) ("the Court recognized a limited exception to the general rule that only the original defendant may remove by allowing a third-party defendant to remove an entire action pursuant to 28 U.S.C. § 1441(c) where the claim against the third-party defendant is separate and independent").

    The Motion to Remand to State Court (Paper 62) is GRANTED. The Motion For Sanctions (Paper 46) and Motion for Attorneys' Fees (Paper 62) are DENIED.  See Roxbury Condominium Ass'n v.

3

<u>Anthony S. Cupo Agency</u>, 316 F.3d 224, 228 (3d Cir. 2003) (award of attorney's fees inappropriate where removal claim involves unsettled law).

The Clerk is instructed to remand this case to the Washington County Superior Court.

SO ORDERED.

Dated at Brattleboro, Vermont, this 7th day of May, 2007.

<u>/s/ J. Garvan Murtha</u><br>
J. Garvan Murtha<br>
United States District Judge